WHITAKER v. WHITE et al.

(Supreme Court, General Term, First Department. February 17, 1893.)

NEW TRIAL—NEWLY-DISCOVERED EVIDENCE.

Where an action involving the issue whether plaintiff had ordered defendants to purchase stock for him on a certain day has been twice tried, resulting in a verdict for plaintiff each time, and such issue was not only clearly presented at the second trial, but was also foreshadowed on defendants' motion for a new trial after the first verdict, a second new trial should not be granted on the ground of newly-discovered evidence contradicting plaintiff's testimony as to his absence from the city on the day defendants alleged he ordered the purchase of the stock, and the order granting the new trial will be reversed.

Appeal from special term, New York county.

Action by Carroll Whitaker against Herman L. White and others, stock brokers, for a balance alleged to be due plaintiff from a sale of certain stock. The answer admitted the sale in question, but alleged that plaintiff was indebted to defendants by reason of having authorized and directed the purchase of other stock, the sale of which resulted in a loss. The action was twice tried, and resulted in a verdict in plaintiff's favor each time. After the second verdict, defendants moved for a new trial on the ground of newly-discovered evidence. From an order granting this motion, plaintiff appeals. Reversed.

Argued before VAN BRUNT, P. J., and O'BRIEN and FOLLETT, JJ.

Durnin & Hendrick, (P. A. Hendrick, of counsel,) for appellant.
William P. Toler, (G. P. Gordel, of counsel,) for respondents.

VAN BRUNT, P. J. It appears from the record herein that this action has been twice tried before a jury, and a verdict rendered in favor of the plaintiff on both trials; that after each trial a motion for a new trial was made upon the ground of newly-discovered evidence, and the same was granted. The issues involved are as to whether the plaintiff gave an order, and the defendants executed such order, for certain stock. At the first trial the plaintiff denied the giving of the order, in which respect he was contradicted by the defendants, and a verdict was rendered in favor of the plaintiff. A motion was made for a new trial upon the affidavit of the cashier of the defendants, who testified that he was present and overheard the plaintiff give the order to one of the defendants on Saturday, the 11th of June, 1887. In his affidavit in opposition to the motion the plaintiff denied that he had any such conversation as claimed by the cashier of the defendants, and swore that the only conversation that he had in reference to the purchase of this stock was with the defendant White, when another person was present. The motion for a new trial was granted. Upon the retrial the evidence of the defendant White was to the effect that this conversation had taken place, in which he was supported by his cashier, who testified that it took place on Saturday, the 11th of June. The plaintiff testified that he did not go to the office of the defendants' firm on that day, or give any order in respect to the stock, and that he was not in the city, but in

Ulster county, on that day, and transacted certain business there.    When certain other evidence was given, claimed to be confirmatory of the testimony given on the part of the defendants, the plaintiff explained the same, and a verdict was again rendered in his favor.    A new motion for a new trial was subsequently made, and affidavits were presented, under a claim that they showed that the alibi established by the plaintiff upon the trial was absolutely false, and, such motion having been granted, this appeal is taken.

We do not think that motions of the character presented by this appeal are to be encouraged by the court.    The question as to whether an order was given on the 11th of June was plainly presented, not only at the trial, but foreshadowed at the time of the application for a new trial after the first verdict had been rendered.    Under these circumstances, if it was claimed that the order had been given by the plaintiff upon that day, it was the duty of the defendants to provide themselves with all the evidence which would tend to support that contention.    The mere fact that the plaintiff attempted to prove his absence from the city on that occasion raised no new issue; it simply presented the same question in another form.    And if new trials are to be granted simply because, after the rendition of the verdict, additional testimony may be claimed to have been discovered, then there can be no end of litigation.    There was nothing suspicious about the plaintiff's claim which would justify extraordinary relief in this respect.    There was a plain question as to veracity between the plaintiff and the witnesses upon the part of the defendants, and, this having been twice resolved in the plaintiff's favor, we do not think, simply upon the production of evidence which is claimed to be newly discovered, and which might tend to show that the story stated by him upon the stand was false, particularly in view of the explanations given upon the part of the plaintiff and the supporting evidence offered, that a new trial should be granted.    The order appealed from should be reversed, and the motion denied, with $10 costs and disbursements.    All concur.